FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 05, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAYMOND F. CASTERENO,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CITY OF MOSES LAKE, WASHINGTON, and TYE SHEATS,<br><br>　　Defendants. | NO. 2:17-cv-00219-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

　　Before the Court is Defendants' Motion for Summary Judgment, ECF No. 21. A hearing on the motion was held on September 4, 2019, in Yakima, Washington. Richard D. Wall appeared on behalf of Plaintiff, and Michael Franklin appeared on behalf of Defendants.

　　Plaintiff is suing Defendant Tye Sheats, a police officer, and the City of Moses Lake for actions taken by Defendant Sheats during Plaintiff's arrest at a Dollar Tree store after he refused to leave the premises. He is asserting four claims: (1) excessive use of force, 42 U.S.C. § 1983; (2) failure to adequately train and supervise, *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658 (1978); (3) negligence; and (4) respondeat superior.

　　Defendants moves for summary judgment on all four claims.

//

//

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ~ 1

## Motion Standard

Summary judgment is appropriate "if the movant show that there is no genuine dispute as to any material fact and the movant is entitle to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Discussion

At the hearing, the Court ruled from the bench. It denied Defendants' Motion regarding the excessive force claim. It concluded that genuine issues of material fact exist regarding whether excessive force was used during the arrest of Plaintiff and a reasonable jury could find in favor of Plaintiff. The parties agreed

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ~ 2

that Plaintiff's *Monell* claim should be dismissed. The Court indicated that based on its understanding of a recent Washington Supreme Court case of *Beltran-Serrano v. City of Tacoma*, __ Wash. 2d. __, 442 P.3d 608 (2019), Plaintiff's negligence claim survives summary judgment as a matter of law. The parties were invited to submit briefing on this issue. This Order memorializes the Court's oral ruling.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, ECF No. 21, is **DENIED**.

2. Plaintiff's *Monell* claim is **DISMISSED** with prejudice.

3. Defendants are granted leave to file briefing addressing the recent Washington Supreme Court case of *Beltran-Serrano v. City of Tacoma*, __ Wash. 2d. __, 442 P.3d 608 (2019) as it relates to Plaintiff's negligence claim no later than **September 19, 2019**. Plaintiff's response is due one (1) week after Defendants have filed their briefing.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 5th day of September 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ~ 3